JUDGE SCHEINDLIN

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
INDUSTRIAL FERRO-DISTRIBUIDORA
S.A. (FERRODISA)
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY  10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
INDUSTRIAL FERRO-DISTRIBUIDORA :
S.A. (FERRODISA),                              :
                                                        :
                        Plaintiff,           :          **ECF CASE**
                                                        :
            - against -                      :
                                                        :
SPORTSQUEEN MARITIME LTD.,    :
                                                        :
                        Defendant.      :
--------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, INDUSTRIAL FERRO-DISTRIBUIDORA S.A. (FERRODISA) (hereinafter referred to as "IFD" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, SPORTSQUEEN MARITIME LTD., (hereinafter referred to as "SML" or Defendant) alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2.      At all times material to this action, Plaintiff IFD was, and still is, a foreign company duly organized and operating under the laws of Spain.

3.      Upon information and belief, Defendant SML was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with an office in Bangkok, Thailand.

4.      Upon information and belief, Defendant SML was, at all times material to this action, the registered owner of the M/V ADDU SUN (hereafter referred to as the "Vessel").

5.      Pursuant to four (4) ocean bills of lading dated May 26, 2005, May 31, 2005 and June 1, 2005 issued by, or on behalf of, Defendant SML, Plaintiff shipped on board the Defendant's Vessel a total of 93 steel coils (66 cold rolled coils and 27 electro galvanized rolled coils) (hereafter referred to as the "Cargo").

6.      The aforesaid bills of lading reflected that IFD's cargo was loaded aboard the vessel in good order and condition, save any conditions noted upon the bill of lading. None of the aforesaid bills of lading were claused with reference to any Mates Receipt(s) that reflected any deficiencies of the Cargo.

7.      The aforesaid bills of lading legally obligated the Defendant to safely carry, discharge and deliver IFD's Cargo from Buitrago and Rocca, Argentina to Sagunto, Spain in the same good order and condition that the Cargo was in at the time of loading as reflected on the bills of lading.

8.      At the time of delivery of the Cargo in Sagunto, Spain on or about June 23 – 24, 2005 the Cargo was discovered to have been exposed to excessive moisture due to a lack of proper ventilation, improper stowage including stowage of adjacent cargoes in wet condition,

2

and/or other negligence and breach of contract by the Defendant SML, resulting in damage to the Cargo.

9.      All of the foregoing Cargo damage was caused due to the Defendant's breach of its obligations to safely load, stow, carry, discharge and deliver the Cargo to IFD as per its obligations as an ocean carrier under the aforesaid bills of lading, constituting a contract of carriage, pursuant to which the Defendant was obligated to deliver the cargo to IFD in the same good order and condition as when the cargo was loaded on the Vessel.

10.     In addition to the foregoing, Defendant breached its duty as bailee of the Cargo.

11.   ·  As a result of the Defendant's negligence and breach of contract as above described, IFD has suffered damages in the principal sum of €105,111.40, exclusive of accumulated interest, arbitration costs and attorneys fees.

12.     Despite due and repeated demand, Defendant has failed and/or refused to pay or secure the amount due owing to Plaintiff.

13.     The aforesaid bills of lading were incorporated into a charter party between SML and a non-party to this dispute that provides for all disputes to be settled in London arbitration with English law to apply. IFD commenced arbitration against SML in London or about 20 July 2007 by nominating its arbitrator.

14.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings applying English law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $134,353; |
| | 1.  Cargo Damage: | $ 125,214; and |
| | 2.  Survey Fees: | $9,139. |
| B. | 3 years of interest at 7.5% per annum: | $33,584; and |

C.    Attorneys fees and arbitration costs:                                    $40,000.

**Total:**                                                                     **$207,937.**

15.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

16.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

17.    The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.*

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$207,937.**

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $207,937 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       August 24, 2007

                                   The Plaintiff,

By: _____
          Kevin J. Lennon (KL 5072)
          Charles E. Murphy (CM 2125)
          INDUSTRIAL FERRO-DISTRIBUIDORA
          S.A. (FERRODISA)
          LENNON, MURPHY & LENNON, LLC
          The Gray Bar Building
          420 Lexington Ave., Suite 300
          New York, NY 10170
          Phone (212) 490-6050
          Fax (212) 490-6070
          kjl@lenmur.com
          cem@lenmur.com

6

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.    My name is Kevin J. Lennon.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          August 24, 2007

_____
Kevin J. Lennon